# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**IN RE:**

| | |
|---|---|
| **MARKS, INC.,** | **Bankruptcy No. 17-23657-GLT** |
| **Debtor.** | **Chapter 11** |
| | **Document No.** |

## PLAN OF REORGANIZATION DATED JULY 6, 2018

Marks, Inc., the Debtor in the above Chapter 11 Case ("the Debtor") proposes the following Plan of Reorganization ("Plan") pursuant to Chapter 11 of the Bankruptcy Code.

## I.  DEFINITIONS

The following terms when used in the Plan will, unless the context otherwise requires, have the following meanings respectively:

a. **Allowed Claim** means a claim (a) in respect of which a proof of claim has been filed with the Court within the applicable period of limitation or (b) scheduled in the list of creditors prepared and filed with the Court and not listed as contingent, disputed or unliquidated as to amount, in either case as to which no objection to the allowance thereof has been determined by an order or judgment which is no longer subject to appeal or certiorari pending.

b. **Allowed Secured Claim** means an Allowed Claim secured by a lien, security interest or other charges against or interest in property in which the Debtors have an interest, or which is subject to setoff under Section 553 of the Code, to the extent of the value (determined in accordance with Section 506(a) of the Code) of the

      interest of the holder of such Allowed Claim on the Debtor's interest in such property or to the extent of the amount subject to such setoff as the case may be.

c. **Allowed Administrative Claim** means all or that portion of any Administrative claim which either (a) has been allowed by Final Order, or (b) was incurred by the Estate of the Debtor in the ordinary course of business during these reorganization proceedings.

d. **Claim** means any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, against the Debtor in existence or whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured or unsecured.

e. **Class** means any class into which Allowed Claims or Allowed Interests are classified pursuant to Article III hereof.

f. **Code** means the Bankruptcy Code, 11 U.S.C. 101 et seq., and any amendments thereto.

g. **Confirmation Date** means the date on which the Order confirming the Plan is entered by the Court.

h. **Confirmation Order** means the entered Order of Court confirming this Plan.

i. **Effective Date** means the date which occurs thirty (30) days after the Confirmation Date.

j.  **Contested Claim** means any Claim for which a proof of claim and an objection to such proof of claim have been filed with the Court and the allowance or disallowance of which shall not have been determined by the Court as of the Effective Date.

k.  **Court** means the United States Bankruptcy Court for the Western District of Pennsylvania where the Chapter 11 Cases are pending, and any Court having competent jurisdiction to hear appeals or certiorari proceedings therefrom.

l.  **Debtor** means Marks, Inc.

m.  **Disclosure Statement** means the Disclosure Statement of the Debtor describing the Plan and approved by the Court.

o.  **Plan** means this Plan of Reorganization, as amended or modified in accordance with the terms hereof in accordance with the Code.

## II. DESIGNATION OF CLASSES OF CLAIMS

### Secured Claims

**Secured Class 1:** This class includes the claim of Huntington Bank in the amount of $202,650.00.

**Secured Class 2:** This class includes the claim of Marlin Business Services in the amount of $69,100.00.

**Secured Class 3:** This class includes the claim of BB&T Commercial Equipment Capital Corp. in the amount of $89,906.00.

**Secured Class 4:** This class includes the claims of JP Morgan Chase Bank in the amount of $3,179.00.

## Administrative Claims

**Administrative Class 5:** This class includes the claim of counsel for the Debtor in the estimated current amount of $30,000.00. This amount does not include fees for work still to be performed by Counsel in this case.

**Administrative Class 6:** This class includes the claim of the Office of the U.S. Trustee for quarterly fees accrued during this case.

## Priority Claims

**Priority Class 7:** This class includes the claim of Bottling Group, Inc. in the amount of $2,408.00.

**Priority Class 8:** This class includes the claim of the Pennsylvania Department of Revenue in the amount of $65,349.00.

## Unsecured Claims

**Unsecured Class 9:** This class includes the claims of the general unsecured creditors in the aggregate amount of $440,464.00.

## III. Treatment of Claims

### Secured Claims

**Secured Class 1:** This claimant will be paid the full amount of its claim via payments of $2,400.00 per month in monthly installments until paid in full commencing on the Plan Effective Date.

**Secured Class 2:** This claimant will be paid in accordance with its existing contractual agreement with the Debtor.

**Secured Class 3:** This claimant will be paid the full amount of its claim via payments of of $1,300.00 per month in monthly installments until paid in full commencing on the Plan Effective Date.

**Secured Class 4:**   This claimant will be paid the full amount of its claim on or before November 30, 2018 per stipulation between this claimant and the Debtor.

## Administrative Claims

**Administrative Class 5:**   This claimant will be paid in full on the Plan Effective Date in accordance with his fee agreement with the Debtor subject to the Court's approval.

**Administrative Class 6:**   This claimant will be paid in full upon the Plan Effective Date.

## Priority Claims

**Priority Class 7:**   This claimant will be paid the full amount of its claim over a 60 month period in equal monthly installments commencing on the Plan Effective Date.

**Priority Class 8:**   This claimant will be paid the full amount of its claim over a 60 month period in equal monthly installments commencing on the Plan Effective Date.

## Unsecured Claims

**Unsecured Class 9:**   These claimants will be paid approximately 27% of their claim amounts which payments will fully satisfy any claims of these claimants. These claimants will be paid over a five (5) year period in annual installments commencing one (1) year after the Plan Effective Date.

## EXECUTION OF THE PLAN

Funding for the Plan will be funded out of cash on hand and out of ongoing operations of the Debtor.

## EXECUTORY AGREEMENTS AND LEASES

All leases and/or executory contracts not previously rejected by the Debtor are assumed.

## CONTESTED CLAIMS

The Debtor specifically reserves the right to object to any claim, provided such objection is filed not later than forty-five (45) days after the Confirmation Date.

## RETENTION OF JURISDICTION

The Court will retain jurisdiction of the Chapter 11 Case for the following purposes:

a. To determine the allowance or disallowance of claims and interest(s).

b. To fix the allowances of compensation and other administrative expenses.

c. To determine any and all applications, objections, adversary proceedings and contested or litigated matters properly before the Court and pending on the Effective Date.

d. To modify the Plan or remedy any defect or omission or reconcile any inconsistency in the Order of Confirmation to the extent authorized by the Code.

e. To enforce provisions of the Plan relating to payments and distributions to be made to the claimants.

f. For such other matters as may be set forth in the Order of Confirmation or Post-Confirmation Order.

## MISCELLANEOUS

a. **Discharge.**

Upon completion of the payments provided for in the Plan, a full and unconditional release, settlement, discharge and satisfaction of all claims existing against the Debtor of any nature whatsoever up to and through the date of confirmation will occur.

b. **Amendment of the Plan.**

6

The Debtor reserves the right in accordance with the Code to amend or modify the Plan prior to the Confirmation Date. After the Confirmation Date, the Debtor may, upon Order of Court in accordance with Section 1127(b) of the code, remedy any defect or omission or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the intent and purposes of the Plan.

c. **Headings.**

The headings of the Plan are for convenience only and shall not limit or otherwise affect the meaning hereof.

d. **Notices.**

Any notices required under the Plan shall be in writing and shall be delivered personally or by facsimile message or by first class mail to:

  i. if to the Debtor, to Robert O Lampl, 223 Fourth Avenue, 4th Floor, Pittsburgh, PA 15222;

  ii. if to a holder of an allowed claim or allowed interest, at the address set forth in its allowed proof of claim or proof of interest or, if none, at its address set forth in the schedule prepared and filed with the Court;

Notice shall be deemed given when sent. Any person may change the address at which it was to receive distribution of notices under the Plan by sending written notice pursuant to the provisions of this section to the person to be charged with the knowledge of such change.

e. **Section and Article References.**

Unless otherwise specified, all references in the Plan to Sections and Articles are Sections and Articles of the Plan.

f. **Cramdown.**

In the event all classes under the Plan do not accept the Plan in the requisite majorities, the Debtor will move the Court to confirm the Plan notwithstanding the rejection of any class, provided that at least one class of creditors whose claims are impaired under the Plan have accepted the Plan. In such event, the Court will determine whether the Plan can be confirmed notwithstanding the rejection of the Plan by a class of creditors pursuant to Section 1129(b) of the Bankruptcy Code.

g. **Effective Date.**

For purposes of all determinations to be made pursuant to the Code in respect to the Plan or any Claims or Interests, the Effective Date of the Plan will be thirty (30) days after the Confirmation Date.

h. **Effect of Confirmation.**

On the Confirmation Date, all of the provisions of the Plan will be binding on the Debtor, all claimants, all creditors and all interest holders and all other parties-in-interest who are affected (or whose interests may be affected) in any manner by the Plan. Any and all claims or rights of creditors of the Debtor of any nature arising prior to the Confirmation Date and the rights of creditors of the Debtor of any nature arising prior to the Confirmation Date will be limited to those arising under the Plan.

i. **Uncashed Checks.**

Any disbursement made to a Claimant under the Plan which is not negotiated after a period of ninety (90) days from the date of issuance, may be dishonored by the Debtor and such failure to negotiate by the

Claimant will constitute a waiver of the claim with the funds at issue remaining the property of the Debtor.

j. **Minimum Distributions.**

No distribution in an amount less than $25.00 will be made by the Debtors under the Plan.

Respectfully Submitted,

Date: July 6, 2018

*/s/ Robert O Lampl*
ROBERT O LAMPL
PA I.D. #19809
JOHN P. LACHER
PA I.D. #62297
DAVID L. FUCHS
PA I.D. #205694
Counsel for the Debtor
223 Fourth Avenue, 4th Floor
Pittsburgh, PA  15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)
Email:  rlampl@lampllaw.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:

**MARKS, INC.,**                                    Bankruptcy No. 17-23657-GLT

    **Debtor.**                                    Chapter 11

                                                             **Document No.**

**CERTIFICATE OF SERVICE**

Robert O Lampl, John P. Lacher and David L. Fuchs, hereby certify, that on the 6th day of July, 2018, a true and correct copy of the foregoing **PLAN OF REORGANIZATION** was served upon the following *(via electronic service)*:

Office of the U.S. Trustee
Liberty Center, Suite 970
1001 Liberty Avenue
Pittsburgh, PA  15222

Date: July 6, 2017                                            */s/ Robert O Lampl*
                                                                           ROBERT O LAMPL
                                                                           PA I.D. #19809
                                                                           JOHN P. LACHER
                                                                           PA I.D. #62297
                                                                           DAVID L. FUCHS
                                                                           PA I.D. #205694
                                                                           Counsel for the Debtor
                                                                            223 Fourth Avenue, 4th Floor
                                                                            Pittsburgh, PA  15222
                                                                            (412) 392-0330 (phone)
                                                                            (412) 392-0335 (facsimile)
                                                                            Email:  rlampl@lampllaw.com