## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.:  17-23657-GLT |
| | ) | |
| Marks, Inc., | ) | CHAPTER 11 |
| | ) | |
| Debtor. | ) | Related to Doc No. 109 |

**STIPULATION BETWEEN DEBTOR AND THE HUNTINGTON NATIONAL BANK AS TO DEBTOR'S PLAN OF REORGANIZATION DATED JULY 6, 2018 (at Doc No. 109)**

AND NOW, come the Debtor Marks, Inc. ("Debtors") and The Huntington National Bank ("Huntington") and agree to and stipulate as follows:

**RECITALS:**

**i.     $240,300.00 Loan dated May 6, 2015 secured by a blanket lien on business assets**

WHEREAS, on or about May 6, 2015, the Debtor borrowed the principal amount of $240,300.00 from Huntington (hereinafter "$240K Loan") pursuant to the terms of a certain Promissory Note dated May 6, 2015, executed and delivered by the Debtor in favor of Huntington in the original principal amount of $240,300.00 ("$240K Note"), as later amended by Change in Terms Agreement dated November 23, 2016 ("Change in Terms") (hereinafter the "$240K Note" and "Change in Terms" are collectively referred to as the "$240K Note"); and

WHEREAS, as security for repayment of the $240K Loan, the Debtor executed and delivered in favor of Huntington a Commercial Security Agreement dated May 6, 2015 (hereinafter "$240K Security Agreement"), pursuant to which the Debtor granted to Huntington a blanket security interest in all business assets of the Debtor, including without limitation all equipment, assets, inventory, cash, accounts, etc. (as more specifically enumerated in the $240K Security Agreement and hereinafter collectively referred to as the "Business Assets"); and

WHEREAS, Huntington perfected its security interests in the Business Assets by filing a UCC-1 Financing Statement with the Pennsylvania Secretary of State on May 12, 2015 at Financing Statement No. 2015051203674; and

WHEREAS, as security for repayment of the $240K Loan, Rosemarie Schons executed a Commercial Guaranty pursuant to which the Rosemarie Schons absolutely and unconditionally guaranteed and became surety for all of the obligations, liabilities and indebtedness whether now existing or hereinafter acquired, of the Debtor to Huntington.

**ii.    $15,000.00 Loan dated December 9, 2015 secured by a blanket lien on business assets**

WHEREAS, on or about December 9, 2015, the Debtor also borrowed the principal amount of $15,000.00 from Huntington (hereinafter "$15K Loan") pursuant to the terms of a certain Promissory Note dated December 9, 2015, executed and delivered by the Debtor in favor of Huntington in the original principal amount of $15,000.00 (hereinafter collectively referred to, as amended and modified, the "$15K Note"); and

WHEREAS, as security for repayment of the $15K Loan, the Debtor executed and delivered in favor of Huntington a Commercial Security Agreement dated December 9, 2015 (hereinafter "$15K Security Agreement"), pursuant to which the Debtor granted to Huntington a blanket security interest in all of the Business Assets (as defined above); and

WHEREAS, Huntington perfected its security interests in the Business Assets by filing a UCC-1 Financing Statement with the Pennsylvania Secretary of State on December 29, 2015 at Financing Statement No. 2015122801508; and

WHEREAS, as security for repayment of the $15K Loan, Rosemarie Schons executed a Commercial Guaranty pursuant to which the Rosemarie Schons absolutely and unconditionally guaranteed and became surety for all of the obligations, liabilities and indebtedness whether now existing or hereinafter acquired, of the Debtor to Huntington.

### iii. Debtor's Plan of Reorganization

WHEREAS, on September 11, 2017, the Debtor commenced the present Chapter 11 case; and

WHEREAS, on September 18, 2017, Huntington filed a Proof of Claim (at Court Claim No. 2) in the total amount of $202,649.28, as of September 11, 2017, and attached thereto are copies of the loan documents related to the $240K Loan; and

WHEREAS, no attachments or documents related to the $15K Loan were made a part of the Proof of Claim (at Court Claim No. 2); and

WHEREAS, on July 6, 2018, the Debtor filed its Chapter 11 Plan dated July 6, 2018 (at Doc No. 109); Disclosure Statement (Doc No. 110); and Summary of Plan (Doc No. 111); and

WHEREAS, Section II "Designation of Classes of Claims" under the Chapter 11 Plan treats Huntington as a "Secured Class 1" in the amount of $202,650.00; and

WHEREAS, Section III "Treatment of Claims" under the Chapter 11 Plan treats Huntington as a "Secured Class 1" claimant to be repaid "the full amount of its claims via payments of $2,400.00 per month in monthly installments until paid in full commencing on the Plan Effective Date."; and

WHEREAS, an Order of Court confirming the Chapter 11 Plan was entered on August 17, 2018; and

WHEREAS, subsequent disagreement has arisen over whether Section III of the Plan's treatment of Huntington includes repayment of only the $240K Loan, or whether it in fact repays both the $240K Loan as well as the $15K Loan; and

WHEREAS, to resolve the dispute, the parties agree to a stipulation and Order of Court modifying the confirmed Chapter 11 Plan to amend and increase the required monthly Chapter 11 Plan payment to Huntington under Section III "Treatment of Claims" from Two Thousand Four

Hundred Dollars ($2,400.00) to the amount of Two Thousand Seven-Hundred Fifty Dollars ($2,750.00); and

WHEREAS, this stipulation does not prejudice or impair the rights of existing creditors of the Debtor nor any existing terms of the confirmed Chapter 11 Plan; and

WHEREAS, it is agreed upon by the Debtor and Huntington that the additional and specific terms and treatment herein shall amend and modify the existing confirmed Chapter 11 Plan; and

**NOW THEREFORE**, the Debtor and Huntington stipulate and agree, subject to approval of the Bankruptcy Court, as follows:

1.  Recitals. The foregoing recitals are incorporated herein by reference as if set forth in their entirety.

2.  Amendment to Section III under the Chapter 11 Plan. The sentence under Section III "Treatment of Claims" under the Chapter 11 Plan reciting "Secured Class 1: This claimant will be paid the full amount of its claim via payments of $2,400.00 per month in monthly installments until paid in full commencing on the Plan Effective Date." is hereby amended, modified and substituted with the following: **"Secured Class 1: This claimant will be paid the full amount of its claim via payments of $2,750.00 per month in monthly installments until paid in full commencing on the Plan Effective Date."** Accordingly the Debtor shall make monthly payments to Huntington on or before the last business day of every consecutive month in the monthly amount of Two Thousand Seven-Hundred Fifty Dollars ($2,750.00) and will continue to do so until Huntington's filed claim amount of $202,649.28 is paid in full with interest thereon per filed Proof of Claim No. 2.

3.  Application of Additional $350.00 Monthly Payment Increase. The additional increase in the monthly payment of $350.00 may be applied by Huntington towards the $15K Loan until paid in full thereunder, at which time said amount ($350.00) shall be applied or toward the

4

$240K Loan, i.e. Huntington may credit Debtor's $2,750.00 monthly payment however it wishes vis-à-vis the two loan loans. In any event, Huntington's claims will be satisfied once the sum total of $202,649.28 has been paid via the $2,750.00 per month payment with interest thereon per filed Proof of Claim No. 2.

4. <u>Non-Impairment of Creditors</u>. This stipulation does not prejudice or impair the rights of existing creditors of the Debtor, nor any existing terms of the confirmed Chapter 11 Plan.

5. <u>Miscellaneous</u>. The Debtor and Huntington hereby acknowledge that except as modified by this Stipulation, all terms, conditions, and existing rights and remedies contained in the loan documents and liens in favor of Huntington shall remain valid and enforceable. The Debtor and Huntington agree that a signature transmitted electronically or by facsimile shall be accorded the same force and effect, and maybe submitted to the Court. Any Amendments to this Stipulation must be in writing and signed by both Debtor and Huntington, or their respective counsel.

THEREFORE, the parties do hereby stipulate, agree and consent as stated above.

BY THE COURT:

Gregory L. Taddonio
U.S. Bankruptcy Judge

**CONSENTED AND AGREED TO BY:**

/s/ David W. Raphael
David W. Raphael, Esquire
Counsel for The Huntington National Bank

/s/ John P. Lacher
John P. Lacher, Esquire
Counsel for the Debtor