FILED
9/4/20 11:08 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| In re: | : | Case No.: | 17-23657-GLT |
| | : | Chapter: | 11 |
| Marks, Inc. | : | | |
| | : | | |
| | : | Date: | 9/3/2020 |
| *Debtor(s).* | : | Time: | 10:00 |

## PROCEEDING MEMO

**MATTER:**

    #173 - Continued Motion to Enforce the Plan and Request for Status Conference
        #181 - Response Filed By Marks
        #186 - Status Report filed by Eby-Brown

    #177 - Continued Motion to Reopen Chapter 11 Case Motion to Reopen Bankruptcy Case
        #182 - Response filed by Marks

**APPEARANCES:**
    Debtor:     Robert O Lampl
    Eby-Brown     John Gotaskie

**NOTES:** *(10:07)*

Gotaskie: Since we filed the status report, I've had discussions with Mr. Lacher. We still have questions because what we were told was that all money had gone to secured creditors. But on the settlement sheet it said unsecured creditors received money. We received a letter recently from Mr. Peter Thompson and in the letter he states that all of the other costs that didn't go to secureds were for operating expenses. I understand that's the letter, but it's not just a thousand dollars, it's tens of thousands. Eby-Brown feels a little bit taken advantage of, we worked with the debtor, continued to support the debtor though the bankruptcy. I'm not suggesting Mr. Lacher or Mr. Lampl at all were involved, but the way it was handled seems a little troubling.

Court: What's the ultimate ask? The motion to re-open was to file the motion to enforce which simply sought a status conference. If I were to consider the motion to reopen, what is the end game here?

Gotaskie: I don't know, I think in the short run I think it would benefit me and Eby-Brown if we can get the full documentation of what the expenses are so we can better understand this. I may be able to at that point talk to Eby-Brown and tell them we're whistling past a graveyard. If we had a short period of time to get that information, I think that would be helpful.

Lampl: Under section 350(b) - a case may be reopened in the court to admin assets, etc. If you read the literature, it's usually for something untoward. The debtor is owned by someone in his mid-80s and his wife is in a nursing home. He ran this convenience store and gas station, I don't think the owner was drawing anything on it. We chased the owner for our fees - it's very hard to communicate with him. When Mr. Gotaskie was seeking plan payments for his client, we assisted. Post closure there was a short sale of the asset and we weren't involved. We ultimately got the documentation, the supplying vendors got some payment and the secured creditors discounted their payoffs. We got nothing and no plan payments were made. There isn't anything to administer, there's no reason to perpetuate this motion. There's nothing a chapter 7 trustee could do if the case was converted. It's a failed plan, it happens. And people who aren't paid money don't like it. I think Mr. Gotaskie could sue for a judgment - he has remedies. To the extent we can, we'll help facilitate it. But I doubt Mr. Thompson would know the accounting behind the scenes. For the client, this is nothing more than a defaulted plan which is a breach of contract.

Court: Mr. Gotaskie, anything further?

Gotaskie: No your honor.

Court: It seems like a request for an additional period of time to exchange information isn't a big ask. Plan defaults are unfortunate and are extremely disappointing, including to the Court. But ultimately, I am concerned about what the end game is - I should only reopen when I know what relief the moving party intends to seek. As Mr. Lampl pointed out, there are remedies in state court. At the end of the day, there is no harm in allowing an additional period of 60 days for the parties to exchange information. But at the conclusion of that time, I'll expect a status report explaining why the court should consider reopening this case and why relief can't be obtained in elsewhere.

**OUTCOME:**

1. Continued Motion to Reopen Chapter 11 Case Motion to Reopen Bankruptcy Case [Dkt. No. 177] is CONTINUED to November 5, 2020 at 10:00 a.m. [Text Order to Issue]

2. Continued Motion to Enforce the Plan and Request for Status Conference [Dkt. No. 173] is CONTINUED to November 5, 2020 at 10:00 a.m. [Text Order to Issue]

3. On or before October 29, 2020, Eby-Brown shall file a status report detailing (a) what issues remain outstanding; and (b) what relief Eby-Brown intends to pursue in the bankruptcy court if it presses its motion to reopen. [Text Order to Issue]

**DATED:** 9/3/2020